**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01617-MSK-BNB

LOKEN-FLACK, LLC, a Colorado Limited Liability Company, and
LYNN LOKEN,
    Plaintiffs,

v.

NOVOZYMES BIOAG, INC., a Delaware Corporation,
    Defendant.

___

**[PROPOSED] PROTECTIVE ORDER**
___

1.     PURPOSE

    This action may involve information that is confidential, proprietary, commercially sensitive and/or trade secret. The purpose of this Protective Order is to govern the handling of such information in order to expedite discovery in this action without frequent resort to determinations of discoverability by the Court and to protect such information from improper or premature disclosure. In addition, this Protective Order provides a mechanism for non-parties to this action to protect their confidential, proprietary, commercially sensitive and/or trade secret information which the Parties may consider to be relevant to the issues in this action and may seek to obtain during discovery.

2.     DEFINITIONS

    2.1.     Definition of "Confidential": A party may designate as "Confidential" those materials which that party in good faith believes constitute or contain confidential, proprietary, commercially sensitive and/or trade secret information, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

2.2. <u>Definition of "Highly Confidential – Outside Counsel Eyes Only"</u>:  A party may designate as "Highly Confidential – Outside Counsel Eyes Only" any confidential, proprietary, commercially sensitive and/or trade secret information which that party in good faith believes is so highly sensitive that the protections afforded to Confidential information are not sufficient. This designation shall be reserved for information that constitutes, reflects, or concerns particularly sensitive proprietary, technical, financial, marketing, or other business information, trade secrets or know-how.

2.3. <u>Counsel</u>:  "Counsel" means the following named outside trial counsel (i.e., not in-house or prosecution counsel) and any other outside trial counsel (i.e., not in-house or prosecution counsel) who enter an appearance on behalf of Plaintiffs or Defendant in this action: the lawyers of K&L GATES LLP and FRIESEN LAMB, LLP (counsel for Defendant Novozymes BioAg, Inc.) and Alan F. Blakley, Esq. of CR MILES P.C. (counsel for Plaintiffs Loken-Flack, LLC and Lynn Loken) and further includes any of their secretarial and legal assistants and other support personnel who work for the same law firm and to whom it is necessary to disclose Protected Material for the purpose of this action.

2.4. <u>Party Representative</u>:  "Party Representative" means in-house counsel (Thomas C. Sova, IV, Esq. and Charles Shapiro, Esq. for Defendant Novozymes BioAg, Inc.) and one additional named employee for each of the Parties to this action to whom it is necessary to disclose Protected Material for the purpose of this action, as follows:  (a) Lynn Loken for Plaintiffs Loken-Flack, LLC and Lynn Loken; and (b) Raymond S. Smith for Defendant Novozymes BioAg, Inc.  Each Party Representative shall execute the Acknowledgment attached as Appendix A, which Acknowledgment shall be provided to all Counsel prior to the Party Representative receiving Protected Material under this Protective Order.

3. <u>DESIGNATION OF PROTECTED MATERIAL</u>

    3.1.    <u>Designation of Confidential Information</u>: Each page of any document or transcript of oral testimony produced or given in this action that is asserted by the Producing Party or Stipulating Third Party to contain or constitute Confidential information shall be so designated in writing by such Producing Party or Stipulating Third Party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "CONFIDENTIAL" preceded by a letter or letters identifying the Producing Party or Stipulating Third Party or other comparable notice. If the Receiving Party wishes to show non-confidential portions of a document or transcript containing Confidential information to a person or party not described below in paragraph 4.2, it shall first redact all pages (or portions of pages) marked as containing Confidential information.

    3.2.    <u>Designation of Highly Confidential – Outside Counsel Eyes Only Information</u>: Each page of any document or transcript of oral testimony produced or given in this action that is asserted by the Producing Party or Stipulating Third Party to contain or constitute Highly Confidential – Outside Counsel Eyes Only information shall be so designated by such Producing Party or Stipulating Third Party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" preceded by a letter or letters identifying the Producing Party or Stipulating Third Party or other comparable notice. If the Receiving party wishes to show non-highly confidential portions of a document or transcript containing Highly Confidential – Outside Counsel Eyes Only information to a person or party not described below in paragraph 4.3, it shall first redact all pages (or portions of pages) marked as containing Highly Confidential – Outside Counsel Eyes Only information.

4.    ACCESS TO PROTECTED MATERIAL

    4.1.    <u>General</u>:  A record shall be made of the names of the persons to whom disclosure of Protected Material is made (other than to Counsel and outside contractors hired by Counsel to copy, index, sort, or otherwise manage the storage and retrieval of discovery).

    4.2.    <u>Access to Confidential Information</u>:  In the absence of written permission from the Producing Party or Stipulating Third Party or an order of the Court, a Receiving Party shall use any Confidential information designated in accordance with the provisions of paragraph 3.1 solely for purposes of this action, including appeals between the Parties, and shall not disclose such information to or discuss such information with any person other than:  (a) Counsel as defined in paragraph 2.3; (b) a Party Representative as defined in paragraph 2.4; (c) court reporters or videographers; (d) any person who can be shown from the face of the document to have authored or received it or who is accused by the Producing Party of having accessed, transferred, or misappropriated it; (e) experts who have executed the Acknowledgment attached as Appendix A; (f) the Court and its support personnel; (g) any mediator retained by the parties to mediate this case; (h) members of the jury; and (i) any other persons agreed to in writing between Counsel for the Parties or as determined by the Court, provided such other persons have executed the Acknowledgment attached as Appendix A.  Acknowledgments shall be provided to all Counsel prior to any expert or other persons receiving Protected Material under this Protective Order.  Under no circumstances shall Confidential information be made available to the Receiving Party or any other director, officer, manager, employee, agent, or representative of the Receiving Party except as stated in this paragraph.  Nothing contained in this Protective Order shall affect the right of the Producing Party or Stipulating Third Party to disclose to anyone Confidential information that it has designated.

4.3. <u>Access to Highly Confidential – Outside Counsel Eyes Only Information</u>:  In the absence of written permission from the Producing Party or Stipulating Third Party or an order of the Court, a Receiving Party shall use any Highly Confidential – Outside Counsel Eyes Only information designated in accordance with the provisions of paragraph 3.2 solely for purposes of this action, including appeals between the Parties, and shall not disclose such information to or discuss such information with any person other than:  (a) Counsel as defined in paragraph 2.3; (b) court reporters or videographers; (c) any person who can be shown from the face of the document to have authored or received it or who is accused by the Producing Party of having accessed, transferred, or misappropriated it; (d) experts who have executed the Acknowledgment attached as Appendix A; (e) the Court and its support personnel; (f) any mediator retained by the parties to mediate this case; (g) members of the jury; and (h) any other persons agreed to in writing between Counsel for the Parties or as determined by the Court, providing such other persons have executed the Acknowledgment attached as Appendix A.  Acknowledgments shall be provided to all Counsel prior to any expert or other persons receiving Protected Material under this Protective Order.  Under no circumstances shall Highly Confidential – Outside Counsel Eyes Only information be made available to the Receiving Party or any other director, officer, manager, employee, agent, or representative of the Receiving Party except as stated in this paragraph.  Nothing contained in this Protective Order shall affect the right of the Producing Party or Stipulating Third Party to disclose to anyone Highly Confidential – Outside Counsel Eyes Only information that it has designated.

5. <u>HANDLING OF PROTECTED MATERIAL</u>

5.1. <u>Designation of Transcript</u>:  Transcripts shall be treated by the Parties as Confidential until 30 days after the Producing Party's or Stipulating Third Party's receipt of the

transcript from the court reporter. During the 30 day period, the Producing Party or Stipulating Third Party may give written notice to the Receiving Party that the transcript contains Protected Material and is designated under paragraph(s) 3.1 and/or 3.2. Absent such designation, the transcript shall not be subject to this Protective Order after expiration of the 30 day period.

      5.2.   <u>Request for Production in Unrelated Legal Proceedings</u>: In the event any Receiving Party having possession, custody or control of any Protected Material receives from or on behalf of a non-party a subpoena or other process or order to produce such information in another unrelated legal proceeding, such Receiving Party shall: (a) notify Counsel for the Producing Party or the Stipulating Third Party; (b) furnish Counsel or the Stipulating Third Party with a copy of said subpoena or other process or order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party or Stipulating Third Party whose interests may be affected. The Producing Party or Stipulating Third Party asserting the Confidential designation shall have the burden of defending against such subpoena, process, or order. The Receiving Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Producing Party or Stipulating Third Party asserting the Confidential treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

6.   <u>DESIGNATION NOT DETERMINATIVE OF STATUS</u>

    A party may object to the designation of particular Confidential or Highly Confidential – Outside Counsel Eyes Only information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as

Confidential or Highly Confidential – Outside Counsel Eyes Only to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential or Highly Confidential – Outside Counsel Eyes Only under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Highly Confidential – Outside Counsel Eyes Only and shall not thereafter be treated as Confidential or Highly Confidential – Outside Counsel Eyes Only in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential or Highly Confidential – Outside Counsel Eyes Only shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Highly Confidential – Outside Counsel Eyes Only.

7.   FINAL DISPOSITION

Within two months after final termination of this action, or within one month after the time for appeal has expired, each Party shall assemble all Protected Material furnished and designated by any other Party or Stipulating Third Party including Protected Material provided to Experts, and shall either:  (i) return such Protected Material to the Producing Party or Stipulating Third Party; or (ii) destroy the Protected Material and provide a certificate of destruction to the Producing Party or Stipulating Third Party.  Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

8.   TERMINATION AND SURVIVAL OF OBLIGATIONS

No restriction imposed by this Protective Order may be terminated, except by order of this Court for good cause shown. The termination of this action shall not automatically terminate the obligations specified in this Protective Order.

SO ORDERED:

Dated December 9, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

APPENDIX A
<u>CONFIDENTIALITY AGREEMENT</u>

I, _____, hereby acknowledge that:

(i)     I have read the Protective Order entered in the action presently pending in the U.S. District Court for the District of Massachusetts captioned *Loken-Flack, LLC and Lynn Loken v. Novozymes BioAg, Inc.*, No. 1:13-cv-01617-MSK-BNB (D. Colo.);

(ii)    I understand the terms of the Protective Order;

(iii)   I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms; and

(iv)   I irrevocably submit my person to the jurisdiction of the U.S. District Court for the District of Colorado for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:_____
Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
City      State      ZIP

_____
Telephone Number

1.