IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-01617-MSK-BNB

LOKEN-FLACK, LLC, a Colorado Limited Liability Company; and
LYNN LOKEN,

      Plaintiffs,

v.

NOVOZYMES BIOAG, INC., a Delaware corporation,

      Defendant.

_____

## ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES
_____

**THIS MATTER** comes before the Court on the Defendant's Motion for Attorney Fees

(**#68**), the Plaintiffs' Response (**#71**), and the Defendant's Reply (**#72**).

The Plaintiffs asserted a claim for "correction of inventorship" on a patent held by the

Defendant Novozymes Bioag, Inc. ("Novozymes"). The Court granted summary judgment in

favor of Novozymes. In the instant motion, Novozymes seeks an award of attorney fees under

Section 285 of the Patent Act. The Plaintiffs oppose the Motion and request that the Court award

attorney fees in their favor for responding to Novozymes' Motion.

Section 285 of the Patent Act provides that a court "in exceptional cases may award

reasonable attorney fees in patent litigation." 35 U.S.C. § 285. Last year the Supreme Court held

"that an 'exceptional' case is simply one that stands out from others with respect to the

substantive strength of a party's litigating position (considering both the governing law and the

facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness,*

*LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). The determination of whether

a case is "exceptional" under § 285 is a matter of the Court's discretion.  *See Highmark, Inc. v.*

*Allcare Health Management Systems, Inc.*, 134 S.Ct 1744, 1748 (2014) Among the factors the

Court can consider are "frivolousness, motivation, objective unreasonableness (both in the

factual and in the legal components of the case) and the need in particular circumstances to

advance considerations of compensation and deterrence." *See Octane Fitness*, 134 S.Ct. at1756

n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

  Here, Novozymes argues that this is an exceptional case because the Plaintiffs' litigation

position was substantively weak under the governing law and facts of the case and the Plaintiffs

litigated the case in an unreasonable manner. In support of its first argument, Novozymes asserts

that the Plaintiffs' litigating position was substantively weak because the Plaintiffs failed to

adequately support their contention that their alleged corroborating evidence could be legally

sufficient to support their key assertion that Mr. Loken was a co-inventor of the patent at issue.

In other words, Novozymes argues that the Plaintiffs' claim was exceptionally weak because it

was based on nothing more than an inference that Mr. Loken was a co-inventor.

  Although the Court concluded in its summary judgment order that the Plaintiffs had

failed to present adequate evidence to corroborate their claim that Mr. Loken was a co-inventor

by clear and convincing evidence, the Court is unpersuaded that that substantive weakness of the

Plaintiffs' litigating position "stands out from others." Here, the Plaintiffs' relied upon

circumstantial evidence to corroborate their claim of co-inventorship. Circumstantial evidence

about the inventive process may be sufficient to corroborate a purported inventor's testimony.

*See Ethicon, Inc. v. U.S. Surgical Corp*, 135 F.3d 1456, 1461 (Fed. Cir. 1998). Thus, although

the circumstantial evidence presented by the Plaintiffs was insufficient to survive summary judgment, it was not exceptional for the Plaintiffs to rely on such evidence to support their claim.

The Court also is unpersuaded that this is an exceptional case because the Plaintiffs litigated the case in an unreasonable manner. Novozymes asserts that the Plaintiffs acted unreasonably in three ways: (1) threatening sanctions against Novozymes "in an attempt to extort an unsupportable and arbitrary $21.5M windfall"; (2) "improperly contact[ing] one of Novozymes' named inventions for a declaration and power of attorney favorable" to the Plaintiffs; and (3) using the court system "to draw out Novozymes' best arguments and obtain factual information" in order to bolster their separate action before the U.S. Patent and Trademark Office. After considering Novozymes' arguments and reviewing the evidence submitted by the parties in light of the factors identified in *Octane Fitness*, the Court concludes that, although some of the Plaintiffs' conduct does not present a model of professional and prudent litigation, it does not rise to the level of unreasonableness necessary to support an award of attorney fees under § 285.[1]

For the foregoing reasons, Novozymes' Motion for Attorney Fees (**#68**) is **DENIED**.

Dated this 26th day of January, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

---

[1] The Court also concludes that the Plaintiffs are not entitled to an award of their attorney fees for opposing Nozoymes' Motion. The Plaintiffs argue that Novozymes acted in bad faith and should be sanctioned in order to "send a message." The Court disagrees. The Court cannot conclude that Novozymes' request for attorney fees was in bad faith or sufficiently baseless to warrant an award of attorney fees in the Plaintiffs' favor.